# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. J. Brendan Day |
| | : | |
| v. | : | Mag. No. 25-5021 (JBD) |
| | : | |
| JOSE MANUEL MENJIVAR VIERA | : | **CRIMINAL COMPLAINT** |
| a/k/a, "Jose Manuel Mejiva" | : | |

I, Joseph Mazza, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/ Joseph Mazza
Joseph Mazza
Deportation Officer, Department of
Homeland Security, Immigration
and Customs Enforcement

Attested to me by telephone
pursuant to FRCP 4.1(b)(2)(A)
on May 9, 2025,
in the District of New Jersey

_____
Honorable J. Brendan Day
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
(Alien in Possession of a Firearm)

On or about December 11, 2024, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

**JOSE MANUEL MENJIVAR VIERA**,
a/k/a, "Jose Manuel Mejiva,"

knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess firearms, that is, (i) an Anderson Manufacturing, Model AM-15, 5.56 caliber semiautomatic rifle, bearing serial number 22075522, and (ii) a Walther, Model P22, .22 caliber semiautomatic pistol, bearing serial number WA280187, and the firearms were in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(5)(A).

**ATTACHMENT B**

I, Joseph Mazza, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this Affidavit is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about December 11, 2024, at approximately 3:00 a.m., officers with the Long Branch Police Department responded to multiple calls for service regarding gunshots being fired in a suburban neighborhood.

2. When they arrived in the area where the gunshots were reported, law enforcement officers observed an individual wearing dark clothing riding a bicycle (the "Bicycle") and carrying a large black bag (the "Bag"), later identified as the defendant, JOSE MANUEL MENJIVAR VIERA, a/k/a, "Jose Manuel Mejiva," ("VIERA"). VIERA appeared to struggle to pedal the Bicycle due to the size and weight of the Bag.

3. Officers, in their police vehicles, began to follow VIERA, who remained on his Bicycle. Shortly afterwards, VIERA began pedaling faster on the Bicycle and speeding up before making an abrupt turn into the driveway of a private residence ("Residence-1"), dismounting from and discarding the Bicycle, and running up the driveway of Residence-1.

4. As VIERA ran up the driveway of Residence-1, law enforcement officers gave chase, identified themselves as law enforcement officers, and issued verbal commands to stop running.

5. Officers lost sight of VIERA as he ran into the backyard of Residence-1 and began to search the exterior property of Residence-1 and the exterior property of an adjacent private residence ("Residence-2") for him. During their search, officers located the Bicycle near the area of the driveway that meets the house of the Residence-1 and, moving beyond the driveway into to the backyard of Residence-1, also located the Bag that VIERA had been holding when he was first observed by law enforcement. The Bicycle and Bag were found in the area towards which VIERA had fled when he entered the exterior property of Residence-1.

6. When officers recovered the Bag, it was slightly opened, and officers observed in plain sight the butt of a rifle protruding from it. Officers then searched the Bag and located a rifle, later identified as an Anderson Manufacturing, Model AM-15, 5.56 caliber semiautomatic rifle, bearing serial number 22075522 (the "Rifle"), a loaded pistol, later identified as a Walther, Model P22, .22 caliber semiautomatic pistol, bearing serial number WA280187 (collectively, the "Firearms"), firearm magazines, ammunition, and a machete. Officers observed that the Rifle smelled like it had just been shot.

7. Continuing to look for VIERA, officers searched the backyard of Residence-1 and Residence-2 before returning to the driveway of Residence-2. There they located an individual, later identified as VIERA, hiding in the truck-bed of a pickup truck in the driveway and who matched the description of, and who was identified by officers as, the same individual that officers had observed in paragraph 2, above. At this point, the occupants of Residence-2 were awake and, responding to questions from law enforcement officers, stated that they did not know VIERA. At this point, VIERA identified himself to law enforcement officers as "Jose Manuel Mejiva."

8. VIERA was placed under arrest, waived his *Miranda*[1] rights, and provided a statement to law enforcement officers. VIERA stated that his real name was "Jose Manuel Manjivar Viera." Among other things, VIERA stated that he was an El Salvador national and entered the United States approximately two years ago. He admitted to possessing the Bag containing the Firearms, firearm magazines, ammunition, and machete, and explained that these items were given to him by another individual ("Associate-1"). Associate-1 had provided VIERA with the Firearms and ammunition for VIERA to transport and deliver to another individual ("Associate-2"). VIERA was arrested by law enforcement before he could complete the delivery.

9. ICE has identified VIERA as a citizen and national of El Salvador, and who has no legal status in the United States.

10. Further, ICE obtained information from the U.S. Embassy in El Salvador (the "Embassy") that VIERA is a citizen of El Salvador. The Embassy also provided a copy of VIERA's fingerprints dated July 21, 2021 that were provided by authorities in El Salvador (the "El Salvador Fingerprints"). A fingerprint analysis conducted by ICE revealed that the El Salvador Fingerprints matched the fingerprints taken of VIERA after his arrest by Long Branch law enforcement officers on December 11, 2024.

11. The Firearms recovered from the Bag were manufactured outside of the State of New Jersey, and, therefore, had traveled in commerce prior to

---

[1] Viera was provided his *Miranda* rights in Spanish.

their discovery in the Bag on or about December 11, 2024. In addition, the Firearms were examined by law enforcement and determined to each meet the definition of a "firearm" because each will or is designed to or may readily be converted to expel a projectile by the action of an explosive.